**YAN WU CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2382–ag.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

125

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Patrick J. Glen, Attorney, Office of Immigration Litigation, Civil Division, United States Department

mer Attorney General Alberto R. Gonzales as

of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Wu Chen, a native and citizen of China, seeks review of a May 11, 2007 order of the BIA affirming the October 28, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Wu Chen,* No. A 97 958 262 (B.I.A. May 11, 2007), *aff'g* No. A 97 958 262 (Immig. Ct. N.Y. City Oct. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

Substantial evidence supports the agency's finding that Chen failed to establish that the harm he allegedly endured and continues to fear was on account of one of

a respondent in this case.

the protected grounds. *See* 8 U.S.C. § 1101(a)(42); *Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Chen's assertion that his alleged persecutors are motivated by his defiance of China's family planning policy is belied by his own testimony that the police sought to arrest him because the "son of the Secretary of the village also liked [his] girlfriend" and that he would be jailed and beaten if returned to China because he called the village secretary a "corrupted official." Although Chen asserts that his threat to reveal the village secretary's alleged embezzlement demonstrates a nexus to political opinion or imputed political opinion, Chen's threat does not appear to be motivated by anything except his self-interest; indeed, Chen testified that he threatened to reveal the village secretary's corruption to prevent his son from trying to separate Chen from his girlfriend. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir.2005). Chen has presented no evidence, direct or circumstantial, that would support the conclusion that his alleged persecutors imputed any political opinion to him or that the alleged persecution he fears involves anything other than a personal dispute with the son of the village secretary. Because substantial evidence supports the agency's finding that Chen failed to establish a nexus to a protected ground, the agency properly denied asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Yueqing Zhang*, 426 F.3d at 544.

Substantial evidence also supports the IJ's conclusion that Chen failed to establish that he would more likely than not be tortured upon his return to China based on his illegal departure. In support of his CAT claim, Chen submitted general background evidence indicating that illegal emigrants are detained and that some Chinese prisoners may be tortured. However, "a risk that any individual detainee in China may be subjected to repressive conditions in prison" is insufficient to compel a finding that a specific alien would more likely than not be tortured if imprisoned on return to China. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–61 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, the petition for a stay of removal is DISMISSED as moot.